IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| TUCKER SELG | § | PLAINTIFF |
| | § | |
| v. | § Civil No. 1:18cv332-HSO-RHW | |
| | § | |
| COMMISSIONER OF SOCIAL SECURITY | § | DEFENDANT |

**MEMORANDUM OPINION AND ORDER REMANDING
TO ADMINISTRATIVE LAW JUDGE FOR NEW FINDINGS**

This matter is before the Court on Plaintiff Tucker Selg's Objection [18] to the Magistrate Judge's Report and Recommendation [17]. The Magistrate Judge recommended that Plaintiff Tucker Selg's Motion [10] for Summary Judgment be denied and that the Commissioner of Social Security's decision be affirmed. *See* R. & R. [17] at 11. Plaintiff has filed an Objection [18] to the Report and Recommendation [17], and the Commissioner has filed a Response [19].

After review of the record and relevant law, the Court finds that this matter should be remanded to the Administrative Law Judge for a new determination consistent with this Opinion.

I. BACKGROUND

On October 28, 2015, Selg filed an application with the Social Security Administration for supplemental security income ("SSI"), alleging a disability onset of March 4, 2005. Specifically, Selg asserted that he was disabled due to autism,

mild mental impairment, depression, and anxiety.  *See* R. [9] at 46.  The claim was denied on March 7, 2016, and denied upon reconsideration on March 16, 2016.  *See id.* at 13.  Selg filed a written request for a hearing, and an Administrative Law Judge ("ALJ") conducted a hearing to consider whether Selg is disabled under section 1614(a)(3) of the Social Security Act, 42 U.S.C. § 1382c(a)(3)(A).  *See id.*  The ALJ determined that Selg was not disabled within the meaning of the statute.  *See* R. [9] at 20.  Plaintiff requested the Appeals Council review the ALJ's decision, but the Appeals Council denied review on August 13, 2018.  *See* R. [9] at 4-8.

Selg filed a Complaint [1] in this Court seeking judicial review pursuant to 42 U.S.C. § 405(g), followed by a Motion [10] for Summary Judgment asking the Court to reverse the Commissioner of Social Security's final decision and remand for a further hearing.  The Magistrate Judge entered a Report and Recommendation [17] that Selg's Motion [10] be denied and that the Commissioner's decision be affirmed.  *See* R. & R. [17] at 11.  Plaintiff has filed an Objection [18] to the Report and Recommendation [17], and the Commissioner has filed a Response [19].

## II.  DISCUSSION

A.  Standard of review

Because Plaintiff has filed an Objection to the Magistrate's Report and Recommendation, this Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  In reviewing the Commissioner's decision, a federal court considers only whether the ALJ applied the proper legal standards and whether substantial evidence in the record supports the decision.

*See Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012).

"Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). While substantial evidence is "more than a mere scintilla," it means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation omitted).

In applying the substantial evidence standard, a court must scrutinize the record to determine whether such evidence is present, but a court may not reweigh the evidence or substitute its judgment for that of the Commissioner. *See Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). Any conflicts in the evidence are for the Commissioner to resolve, *see id.*, and "[i]f the Commissioner's fact findings are supported by substantial evidence, they are conclusive," *id*.

B.  Standard for entitlement to Social Security benefits

A claimant bears the burden of proving that he or she suffers from a disability and is therefore entitled to benefits. *See id*. The Social Security Act defines a "disability," in relevant part, as

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . .

42 U.S.C. § 423(d)(1)(A). "Substantial gainful activity is defined as work activity involving significant physical or mental abilities for pay or profit." *Perez*, 415 F.3d at 461 (quotation omitted).

3

The ALJ is required to employ a five-step sequential analysis to evaluate claims of disability:

> (1) whether the claimant is currently engaged in substantial gainful activity (whether the claimant is working); (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals the severity of an impairment listed in 20 C.F.R., Part 404, Subpart B, Appendix 1; (4) whether the impairment prevents the claimant from doing past relevant work (whether the claimant can return to his old job); and (5) whether the impairment prevents the claimant from doing any other work.

*Id.*

If the Commissioner cannot make a disability determination, he proceeds to the next step, but if the Commissioner determines the claimant is disabled at any step, that ends the analysis. *See id.* While a claimant bears the burden of proof on the first four steps, the burden shifts to the Commissioner at the fifth step to demonstrate that the claimant can perform other substantial work in the national economy. *See id.* If the Commissioner makes such a showing, the burden shifts back to the claimant to rebut that finding. *See id.*

As part of the analysis, the Commissioner assesses the claimant's residual functional capacity ("RFC"). *Id.* (citing 20 C.F.R. § 404.1520(a)).

> The claimant's RFC assessment is a determination of the most the claimant can still do despite his physical and mental limitations and is based on all relevant evidence in the claimant's record. 20 C.F.R. § 404.1545(a)(1). The claimant's RFC is used at both steps four and five of the sequential analysis: at the fourth step to determine if the claimant can still do his past relevant work, and at the fifth step to determine whether the claimant can adjust to any other type of work. 20 C.F.R. § 404.1520(e).

*Id.* at 461-62. The RFC "is the most you can still do despite your limitations," 20 C.F.R. § 404.1545(a)(1), and is determined "based on all of the relevant medical and

4

other evidence," 20 C.F.R. § 404.1545(a)(3). In conducting the RFC analysis, the Commissioner considers a claimant's "ability to meet the physical, mental, sensory, and other requirements of work . . . ." 20 C.F.R. § 404.1545(a)(4).

C. The ALJ's decision

The ALJ considered the entire record and determined (1) that Selg had not engaged in any substantial gainful activity since October 28, 2015, the application date, and (2) that Selg had the following severe impairments: autism; borderline to low average intellectual functioning; specific learning disorder; and attention deficit hyperactivity disorder, which significantly limit Selg's ability to perform basic work activities. *See* R. [9] at 15. However, at step three the ALJ determined that Selg "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 . . . ." *Id.*

> The ALJ conducted the RFC analysis and found that Selg had the RFC
>
> to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant can understand, remember, and carry out simple instructions and routine tasks. He can attend for two-hour periods. He can only perform simple math functions at only the second grade level.

*Id.* at 16-17 (emphasis removed). While the ALJ found that Selg had no past relevant work, considering his age, education, work experience, and RFC, as well as the testimony of a vocational expert, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Selg can perform. *See id.* at 19-20. Therefore, the ALJ concluded that Selg had not been under a disability as defined by the Social Security Act, and denied the claim. *See id.* at 20.

D.   Selg's Motion [10] for Summary Judgment

Selg filed a Motion [10] for Summary Judgment asking that the Court reverse the Commissioner's final decision or, alternatively, remand for a further hearing.  *See* Mem. [11] at 18.  Selg cited four alleged errors committed by the Commissioner: (1) the ALJ failed to discuss a March 2017 evaluation performed by the South Mississippi Regional Center ("SMRC"); (2) the ALJ discussed only two pieces of opinion evidence even though there was other opinion evidence in the record; (3) the ALJ committed legal error in failing to find that Selg met Listing 12.05(b)[1] based on his mental impairments; and (4) the testimony of the vocational expert did not support the ALJ's conclusions at step 5.  *See id.* at 10-17.  The Commissioner opposed Selg's Motion.

E.   The Magistrate's Judge's Report and Recommendation [17]

After reviewing the record, the Magistrate Judge found that the ALJ had applied the correct legal standard for determining disability, *see* R. & R. [17] at 5, and that substantial evidence supported the ALJ's finding that Selg failed to establish an impairment that meets or medically equals Listing 12.05, *see id.* at 5-6. The Magistrate Judge further determined that substantial record evidence supported the ALJ's finding as to Selg's RFC, *see id.* at 6-8, and found no merit to Selg's contention that the ALJ did not consider the March 22, 2017, evaluation from SMRC, *see id.* at 8.  The Magistrate Judge noted that the decision of what weight to accord such evidence was for the ALJ, and not the Court.  *See id.*  Finally, the

---

[1] "'Listings' are an element of the Social Security Commissioner's regulatory scheme for administering benefits."  *Kneeland v. Berryhill*, 850 F.3d 749, 751 n.1 (5th Cir. 2017).

Magistrate Judge concluded that the ALJ properly considered the vocational expert's testimony in finding that Selg could do medium, unskilled work, such as a general helper, laundry laborer, and cutter II, such that he was not disabled. *See id.* at 10. To the extent Selg argued that the ALJ's use of the word "attend" should be clarified, the Magistrate Judge noted that this should have been raised in the administrative proceedings, and because it was not, it was not properly before the Court. *See id.* The Magistrate Judge recommended that Selg's Motion for Summary Judgment be denied and that the decision of the Commissioner affirmed. *See id.* at 11.

F.  Selg's Objection

In his Objection [18], Selg asserts that the Commissioner failed to evaluate the March 2017 medical opinion performed by SMRC and erred in failing to find that Selg satisfied Listing 12.05B based upon his mental impairments. Obj. [18] at 6-10. Citing *Kneeland v. Berryhill*, 850 F.3d 749 (5th Cir. 2017), Selg contends that "the Court should not give the ALJ credit for considering all of the evidence of record simply due to boilerplate language," *id.* at 7, and "[t]he Court cannot substitute its own judgment of the medical evidence where the ALJ, through omission, failed to discuss a medical opinion or assign weight to the opinion," *id.* at 9. Selg maintains that the ALJ's finding that he did not meet Listing 12.05B is unsupported by substantial evidence because his "medical records indicate that he has had significant deficits in adaptive functioning since birth." *Id.* at 10. Selg contends that the March 2017 SMRC report provides direct support for his disability. *See id.*

7

The Commissioner responds that "there is no requirement that the ALJ mention every piece of evidence in the record," as there was no prejudice demonstrated by Plaintiff. Resp. [19] at 1. In attempting to distinguish this case from *Kneeland*, the Commissioner appears to argue that the March 2017 SMRC report could not change the ALJ's determination of RFC or the ultimate disability determination. *See id.*

G. Analysis

Selg's first objection is that the ALJ should have explicitly evaluated and explained what weight, if any, he assigned to the March 2017 SMRC report. Finding that the ALJ's decision expressly stated that it was made after "careful consideration of the entire record" and after "careful consideration of all the evidence," the Magistrate Judge's "review of the record in its entirety revealed no reason to discount those statements." R. & R. [17] at 8.

Relying upon *Kneeland v. Berryhill*, 850 F.3d 749 (5th Cir. 2017), Selg maintains that the ALJ failed to evaluate and assign the weight of a medical opinion, which mandates remand to the Commissioner. *See* Obj. [18] at 7-9. The Commissioner responds that the ALJ was not required to mention every piece of evidence and that Selg has not shown prejudice, because the March 2017 SMRC report could not change the ALJ's RFC determination or the ultimate disability decision. Resp. [19] at 1.

1. The March 2017 SMRC report

According to the SMRC report, interviews and evaluations of Selg were completed by a psychometrist, a speech-language pathologist, and a social worker on March 22, 2017. These were reviewed by the Director of Diagnostic Services Gail Rodgers ("Rodgers"), and a licensed psychologist, Mark S. Carpenter

8

("Carpenter"). See R. [9] at 394. Rodgers and Carpenter opined that Selg was "eligible for community-based intellectual/development disability services." *Id.* at 395. The evaluation reflected Selg's "need for a combination and sequence of special, interdisciplinary, or generic services, individualized supports, or other forms of assistance that are lifelong or extended in duration and are individually planned and coordinated." *Id.* Among other things, Rodgers and Carpenter determined that Selg had substantial support needs in the following areas of major life activity: self-care; learning; self-direction; economic self-sufficiency; capacity for independent living; receptive and expressive language; and that Selg "exhibits deficits in cognitive and adaptive functioning." *Id.*

2. *Kneeland v. Berryhill*, 850 F.3d 749 (5th Cir. 2017)

In *Kneeland*, the United States Court of Appeals for the Fifth Circuit considered whether the ALJ erred in making the RFC determination by rejecting without explanation the opinion of a physician who had examined the claimant. *Kneeland*, 850 F.3d at 758. The Court of Appeals found that the opinion constituted a medical opinion within the meaning of 20 C.F.R. § 404.1527. Medical opinions are defined as "statements from acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. § 404.1527(a)(1). Because the Fifth Circuit found that the physician's opinion constituted a medical opinion, it held that "the ALJ legally erred by rejecting it without explanation, which resulted in an RFC not based on substantial evidence." *Kneeland*, 850 F.3d at 758.

It appeared in *Kneeland* that the ALJ's RFC determination either did not

9

consider the physician's opinion or considered it but assigned it no weight. *See id.* at 761. If the former, the Court held that remand was required for the ALJ to consider the opinion, and if the latter, remand was appropriate "for an explanation of the rejected medical opinion, or an explanation of what weight was assigned." *Id.* While the Commissioner argued that any error in not addressing the physician's statement was harmless, the Fifth Circuit found that the Commissioner had pointed to no cases in which an ALJ's failure to address an examining physician's medical opinion had been deemed harmless. *See id.* According to the Court, "such an error makes it impossible to know whether the ALJ properly considered and weighed an opinion, which directly affects the RFC determination." *Id* at 761-62. Therefore, the claim had to be remanded for proper adjudication. *See id.* at 762.

At the heart of the decision in *Kneeland* was the Court's finding that the physician's statement constituted a "medical opinion" within the meaning of the Social Security Act. If an "evaluation simply outlines [the physician's] diagnoses and observations, leaving other personnel to draw conclusions about the implications for [the claimant's] RFC," the opinion does not meet the definition of "medical opinion" under 20 C.F.R. § 404.1527(a)(2). *Winston v. Berryhill*, 755 F. App'x 395, 402 (5th Cir. 2018). "[T]he definition of a 'medical opinion' requires both an evaluation of symptoms and an expression of judgment regarding a claimant's capabilities and restrictions . . . ." *Id.* at 403.

3. Whether the SMRC report constitutes a "medical opinion"

On March 9, 2020, the Court directed the parties to submit additional

10

briefing on whether the March 22, 2017, SMRC report constitutes a "medical opinion" within the meaning of 20 C.F.R. § 404.1527(a)(1). *See* Mar. 9, 2020, Text Order. Selg filed a Supplemental Brief [20], as did the Commissioner [21]. The parties agree that the March 22, 2017, SMRC report constitutes a "medical opinion," *see* Br. [21] at 1; Br. [20] at 1, and based upon those briefs and relevant legal authority, the Court concurs.

Despite the Commissioner's agreement as to the fact that the SMRC constitutes a "medical opinion," the Commissioner argues that the lack of any express reference to the report by the ALJ is not reversible error because no prejudice has been demonstrated. The Commissioner further contends that this case is distinguishable from *Kneeland* because the SMRC report in this case does not present the possibility of changing the ALJ's RFC determination, and thus the ultimate disability determination, as to Selg. *See* Br. [21] at 2-3.

As in *Kneeland*, the Commissioner has pointed to no cases in which an ALJ's failure to address an examining physician's medical opinion has been deemed harmless. *See Kneeland*, 850 F.3d at 761. In accordance with *Kneeland*, the Court finds that remand is therefore required in order for the ALJ to explicitly consider the March 22, 2017, SMRC report and make a disability determination.

4. <u>Whether the March 22, 2017, SMRC report presents the possibility of changing the RFC</u>

Even if the Commissioner is correct that a "medical opinion" not specifically addressed in an ALJ's decision must present the possibility of changing the RFC before remand is required, the Court finds that standard met here.

11

A claimant's RFC assessment is based upon a determination of the most the claimant can still do despite his physical and mental limitations, and that assessment is based upon all relevant evidence in the claimant's record. *See Perez*, 415 F.3d at 461. In conducting the RFC analysis, the Commissioner considers a claimant's "ability to meet the physical, mental, sensory, and other requirements of work." 20 C.F.R. § 404.1545(a)(4). The RFC is used by the ALJ at step four to determine if the claimant can still do past relevant work and at step five to determine if the claimant can adjust to do other type of work. *See Perez*, 415 F.3d at 462.

In this case, the ALJ found that Selg had the RFC

> to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant can understand, remember, and carry out simple instructions and routine tasks. He can attend for two-hour periods. He can only perform simple math functions at only the second grade level.

R. [9] at 16-17 (emphasis removed).

The March 22, 2017, SMRC report found, among other things, that Selg had substantial support needs in the following areas of major life activity: self-care; learning; self-direction; economic self-sufficiency; capacity for independent living; receptive and expressive language; and that Selg "exhibits deficits in cognitive and adaptive functioning." *Id.* at 395. According to the SMRC report, Selg exhibited difficulties in verbal comprehension tasks and the ability to think in words, rather than pictures, *see id.* at 413, and in completing assigned tasks within allotted time limits, *see id.* at 415. This evidence would appear to bear on the ALJ's RFC determination regarding Selg's ability to understand and carry out simple

instructions and routine tasks, *see id.* at 16-17, but the SMRC report was not specifically addressed in the ALJ's decision. Because the ALJ did not address the March 22, 2017, report, which constitutes a medical opinion, in conducting the RFC analysis, remand is required in order for the ALJ to explicitly evaluate the SMRC report and explain what weight, if any, should be assigned to it. *See Kneeland*, 850 F.3d at 758.

### III. CONCLUSION

As required by 28 U.S.C. § 636(b)(1), the Court has conducted an independent de novo review of the record and the matters raised in Plaintiff's Objection [18] and concludes that this matter should be remanded to the ALJ for a new determination consistent with this Opinion.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, this matter is **REMANDED** to the Administrative Law Judge for a new determination consistent with this Opinion.

**SO ORDERED AND ADJUDGED**, this the 18th day of March, 2020.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE